# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cr-203 (LMP/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| MATTHEW JAMES ROBERTS, | |
| Defendant. | |

Ruth Shnider, **United States Attorney's Office, Minneapolis, MN**, for Plaintiff.

Patrick L. Cotter, **Sieben & Cotter, PLLC, South Saint Paul, MN**, for Defendant.

Defendant Matthew James Roberts is charged with two counts of possessing a firearm as a felon. ECF No. 1. Following a hearing, United States Magistrate Judge John F. Docherty granted the government's motion for detention and ordered Mr. Roberts detained pending trial. *See* Order of Detention, ECF No. 15. The Court concluded that "there is no condition or combination of conditions that will reasonably assure the safety of the person or the community if Mr. Roberts is released." *Id.* at 1. Specifically, the Court believed that Mr. Roberts's "history of violence and disregard of court conditions is sufficiently pronounced and recent that no combination of release conditions could adequately mitigate the risks he poses to the community." *Id.* at 4. Judge Docherty did not specifically opine on Mr. Roberts's risk of non-appearance.[1]

---

[1] At the detention hearing, the parties focused principally on the danger to the community. *See* ECF No. 21 at 6 ("The Government is seeking detention in this case

This matter is now before the Court on Mr. Roberts's objections to the detention order pursuant to Local Rule 72.2(b). ECF Nos. 17, 18. The Court construes the objections as a motion for revocation or amendment of a detention order. *See* 18 U.S.C. § 3145(b) ("If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.").

Mr. Roberts argues that Judge Docherty was wrong to find the United States had proven by clear and convincing evidence that he was a present danger to the community. ECF No. 18 at 1, 3. Specifically, Mr. Roberts noted that the children subject to his separate child abuse case in Hennepin County do not live with him and he is not allowed contact with them, so he poses no danger to a specific person. *Id.* at 1. Moreover, Mr. Roberts argues that Judge Docherty gave too much weight to the fact that Mr. Roberts's 2021 and 2022 assaults happened in public to determine that he was a risk to the community. *Id.* at 3. As such, Mr. Roberts contends that less restrictive means such as electronic monitoring would reasonably assure his appearance and the safety of the public. *Id.*

---

principally based on danger to the community, although I think any time we have danger concerns, I think flight concerns are not far off, particularly when we're talking about kind of the erratic, volatile violence that we have here."); *id.* at 10 ("And I also think that the Court could find based on the persistent violations of supervision that he is a flight risk by a preponderance standard, but again, my primary concern here is the danger to the community which I think is shown on this record."); *id.* at 11 ("So I will then focus my attention on the risk to the public."). Because the Court finds that the government met its burden as to danger to the community, it does not need to do an independent analysis of risk of non-appearance.

2

The Court has considered Mr. Roberts's arguments and conducted a de novo review. *See United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985) (en banc).  For the reasons that follow, the Court denies Mr. Roberts's motion and orders that he be detained pending trial.

A court may order a defendant detained pending trial only if the government either (1) proves by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance or (2) proves by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).  Whether sufficient conditions exist depends on the factors listed in 18 U.S.C. § 3142(g), including: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the seriousness of the danger to the community or to an individual.  *Id.*

*The nature and circumstances of the crime.*  Mr. Roberts is charged with possessing six firearms as a felon on March 19, 2025.  ECF No. 1.  Stemming from an investigation into child abuse, including reports from minor children that Mr. Roberts beat them with hockey sticks and poles, police officers executed a search warrant at the home.  ECF No. 12 at 5–6.  In addition to locating two hockey sticks in the garage, they found a rifle, three shotguns, and a 9mm handgun in the garage loft.  *Id.* at 6.  A loaded pistol was found in a gun safe in the master bedroom closet along with 200 rounds of ammunition and court paperwork with Mr. Roberts's name.  *Id.*  Mr. Roberts was charged with two counts of felony domestic assault and two counts of gross misdemeanor malicious punishment of a

3

child in Hennepin County. *Id.* at 5. The nature and circumstances of the alleged crime are serious and weigh against finding that Mr. Roberts should be released pending trial.

*The weight of the evidence against the defendant.* The evidence against Mr. Roberts is strong. The firearms were found in the home where Mr. Roberts was living with the children he is alleged to have abused. *Id.* at 6. The other adult living at the residence told officers that she did not know about the guns and that Mr. Roberts had in his possession a gun that was handed down to him from a family member. *Id.* And the prosecutor represented at the detention hearing that Mr. Roberts's DNA has been linked to three of the guns. ECF No. 21 at 7–8. ATF records indicate that Mr. Roberts was the original transferee of one of the guns before he was even a felon. *Id.* at 8. And the gun found in the safe was with paperwork in Mr. Roberts's name. *Id.* This evidence weighs against finding that Mr. Roberts should be released pending trial.

*The history and characteristics of the defendant.* Mr. Roberts is 36 years old with deep connections to Minnesota. *See* ECF No. 9 at 1. He is a high school graduate with certificates in brick laying and storm and sewer management. *Id.* at 2. Mr. Roberts has been employed as a truck driver at Village Green Landscape in St. Paul, Minnesota, since October 2024 and has a long history of driving trucks. *Id.* Mr. Roberts has largely been healthy. *Id.* Mr. Roberts's lengthy and serious criminal history began when he was 17 years old. *See id.* at 3–6. In September 2010, while 21 years old, Mr. Roberts was charged with misdemeanor domestic assault. *Id.* at 3. He then violated a related no-contact order in May 2011. *See id.* In November 2012, at age 23 and while under probation, Mr. Roberts committed two separate felony violations of a domestic abuse no-contact order. *Id.* at 4.

While Mr. Roberts did not report any concerns about alcohol or substance use to U.S. Probation and Pretrial Services at the time of his arrest for the instant offense, he has two driving-while-impaired convictions in 2008 and 2019. *Id.* at 3, 5.

Most concerning are violent incidents in 2020 and 2021 involving dangerous weapons. ECF No. 12 at 4–5. In February 2020, Minneapolis police were called to a bar because of a large, ongoing fight. *Id.* at 4. Mr. Roberts used brass knuckles to strike his victim three or four times, resulting in the victim bleeding from his head. *Id.* Police found a knife and two sets of brass knuckles on Mr. Roberts, who was wearing a Warlords MC leather jacket and patches.[2] *Id.* Mr. Roberts was eventually convicted of one count of felony second-degree assault with a dangerous weapon causing substantial bodily harm. *Id.* While on pre-trial release in that case in July 2021, Mr. Roberts attended the Fourth of July celebration in Delano, Minnesota, where he got into a fight. *Id.* at 5. When another person attempted to intervene, Mr. Roberts took out a knife and stabbed his victim in the abdomen. *Id.* The victim had to undergo abdominal surgery at the Hennepin County Medical Center. *Id.* That fight resulted in a separate charge of felony second-degree assault with a dangerous weapon causing substantial bodily harm. *Id.* Officers had to use a taser

---

[2] The Court is aware of the information provided by the government of Mr. Roberts's alleged former involvement with the Warlords MC motorcycle gang, including the presence of tattoos consistent with such involvement. The Court's consideration of Mr. Roberts's objection does not give weight to his tattoos or the parties' dispute over his membership status in the Warlords MC gang other than to share Magistrate Judge Docherty's concern that "the 'Stay Violent' tattoo suggests an exhortation of violence that, when considered alongside Mr. Roberts' history corroborates the Court's concerns." ECF No. 15 at 4.

in order to take Mr. Roberts into custody. *Id.* Mr. Roberts was sentenced to 24 months for both assaults. *Id.* at 4–5.

In sum, in addition to the instant offense and the child-abuse allegations, Mr. Roberts's conduct demonstrates his unwillingness to comply with the law and his conditions of supervision. For example, the Bail Report lists more than ten instances of Mr. Roberts violating conditions of probation. *See* ECF Nos. 9, 12. Consequently, the Court has no confidence that less restrictive conditions would assure the safety of the community. Mr. Roberts's history and characteristics weigh against releasing him pending trial.

*The seriousness of the danger to the community or to an individual.* The serious nature of the firearm charges, coupled with Mr. Roberts's violent conduct in the 2020 and 2021 assaults with dangerous weapons and the pending Hennepin County child-abuse charges, demonstrate that Mr. Roberts lacks respect for the law and poses a grave danger to the community and the children he is alleged to have harmed (even if they have been temporarily removed from the home) if he is released. The danger Mr. Roberts presents to others weighs against releasing him.

After conducting its own independent review, the Court agrees with Judge Docherty that the government has proven by clear and convincing evidence that no condition or combination of conditions will reasonably assure community safety. Mr. Roberts poses a serious risk to the safety of any other person and the community, and Mr. Roberts's request for release, including restrictions from bars and restaurants and public settings outside of work, is not feasible and still presents a greater risk than this Court is willing to take. The

6

danger posed to the community by Mr. Roberts warrants detention.  Mr. Roberts is charged with possession of multiple firearms—including a loaded one in a home shared with young children.  The evidence of Mr. Roberts's guilt—as described by the government—appears to be very strong, and includes DNA evidence, ATF records, and testimony of another witness connecting him to the firearms.  Mr. Roberts also has a long and troubling criminal history.  There is no compelling evidence that conditions of release would be effective in protecting the community, including the children he is alleged to have abused.  For these reasons, the Court finds that detention is warranted because no condition or combination of conditions will reasonably assure that Mr. Roberts will not endanger the community.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's objection to the district court of the order for detention [ECF No. 17] is **OVERRULED**.

2. Defendant is hereby ordered **DETAINED** under 18 U.S.C. § 3142(e).

3. Defendant is committed to the custody of the United States Marshal for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. Defendant shall be afforded reasonable opportunity to consult privately with his counsel.

5. Pursuant to Rule 5.1(e) of the Federal Rules of Criminal Procedure, defendant is required to appear for further proceedings.

6. Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with all court proceedings.

7. Defendant may move the Court to reopen its detention determination should his circumstances materially change.

Dated: July 15, 2025                                *s/Laura M. Provinzino*
                                                                            Laura M. Provinzino
                                                                            United States District Judge